Santino **TOMAINO**, Plaintiff–Appellant,

v.

Thomas **O'BRIEN**, Officer Leli, Jaime M. Giovanniello, and Chris Prokesh, individually, and as police officers of the Suffolk County, New York Police Department, Sergeant Anthony Lavista, and the County of Suffolk, Defendants–Appellees.

No. 08–0156–cv.

United States Court of Appeals, Second Circuit.

March 17, 2009.

Arthur V. Graseck, Jr., Islip Terrace, NY, for Appellant.

Brian Mitchell (Christine Malafi, Suffolk County Attorney, Christopher A. Jeffreys, Assistant County Attorney, of counsel), Hauppauge, NY, for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges, and Hon. PAUL A. CROTTY,* District Judge.

### SUMMARY ORDER

Santino Tomaino appeals from a judgment following a jury trial in favor of the defendants in his civil suit for false arrest and malicious prosecution pursuant to 42 U.S.C. §§ 1983 and 1988 asserting violation of his rights under the Fourth Amendment. We assume the parties' familiarity with the facts and procedural history of this case, and the issues presented on this appeal.

Tomaino argues principally that the admission of testimony regarding the history of his previous, similar, lawsuits was reversible error. He testified on cross-examination to having brought five such suits against police officers for false arrest, ma-

---

* The Honorable Paul A. Crotty, United States District Judge for the Southern District of New York, sitting by designation.

licious prosecution and abuse of process since 2001, all of which involved an allegation that the defendant officers acted with personal animus towards him. While Tomaino argues that this evidence was admitted improperly as propensity evidence of Tomaino's litigiousness, it was admissible as legitimately bearing on Tomaino's credibility—a proper use for prior act evidence pursuant to Federal Rule of Evidence 404(b). See Fed.R.Evid. 404(b) (stating that evidence of other acts is "not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes ....."); *Outley v. City of New York*, 837 F.2d 587, 593 (2d Cir.1988) (concluding, *inter alia*, that impeachment of credibility is a proper use of such evidence under Rule 404(b)).

The testimony regarding Tomaino's previous litigation was not admitted to show that Tomaino had a character trait of filing law suits, and that the instant suit was in conformity with that trait. The jury might, however, have reasonably inferred from the five previous occasions on which he had made strikingly similar claims, that his testimony in support of a sixth such suit was not credible. Nor is the fact of these former lawsuits particularly inflammatory or potentially misleading. There is no basis, then, upon which we might conclude that the district court abused its discretion by finding that the probative value of the evidence was not "substantially outweighed by the danger of unfair prejudice," Fed.R.Evid. 403, such that it violated Federal Rule of Evidence 403, *see Marcic v. Reinauer Transp. Co.*, 397 F.3d 120, 124 (2d Cir.2005).

The court also did not err in not permitting Tomaino's wife to testify. She was not an eyewitness to the events in question and had nothing of relevance to add to the testimony of other witnesses.

Neither did the court err in not permitting the entire trial transcript of Tomaino's criminal trial upon which this civil litigation was based to be admitted in evidence. Tomaino's attorney had an opportunity to, and did, select relevant portions that were admitted through testimony during the trial.

We have reviewed the other assertions of error with respect to the district court's conduct of the trial and jury instruction and find them to be without merit.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.